IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Chapter 13 |
| | ) | No. 04 B 42922 |
| PHYLLIS OWEN, | ) | Hearing Date: September 6, 2006 |
| | ) | Hearing Time: 2:00 p.m. |
| Debtor. | ) | |

### DEBTOR'S FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR HEARING ON DEBTOR'S OBJECTION TO CLAIM #11 OF DAVID L. OWEN

Debtor, Phyllis Owen, by and through her attorneys, QUERREY & HARROW, LTD., respectfully submits the following proposed findings of fact and conclusions of law pursuant to order of this Court:

#### FINDINGS OF FACT

1. Debtor filed for relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code") on November 18, 2004.

2. Debtor's Amended Chapter 13 Plan was confirmed on June 22, 2005. The Chapter 13 Plan provides for payment in full plus interest of all allowed claims.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(2)(B) as a core proceeding arising in a case under Title 11 of the United States Code.

4. Claimant David L. Owen ("Claimant") filed an Amended Proof of Claim #11 on June 5, 2006.

5. Debtor and Claimant are brother and sister.

6. Debtor objected to the Amended Claim #11 for the following reasons:

   a. Debtor contends that the principal and interest amounts cannot be determined from the proof of claim;

   b. Amended Claim #11 does not give credit for payments received by Claimant;

  c. Debtor contends that Claimant has not sustained his burden of proof regarding the attorneys fees claimed.

7. Amended Proof of Claim #11 does not credit the following payments received by Claimant and must be reduced accordingly:

| | | |
|---|---|---|
| a. | April 28, 2006 | $1,510.00 |
| b. | May 31, 2006 | 1,942.00 |
| c. | June 30, 2006 | 1,813.00 |
| d. | July 31, 2006 | <u>1,813.00</u> |
| | | $7,078.00 |

8. Prior to the filing of this case, Claimant had already received an award of attorney's fees in the approximate amount of $35,000.00.

9. Claimant objected to confirmation of the Chapter 13 Plan. The Plan was confirmed over Claimant's objection.

10. Claimant objected to the Debtor's motion to sell real property. The Court granted Debtor's motion for leave to sell real property over Claimant's objection,

11. Amended Claim #11 includes Claimant's attorney's fees totaling $11,319.00 plus costs of $200.00. In his response to Debtor's objection, Claimant's counsel amended his fee statement ("Amended Fee Statement"). The Amended Fee Statement shows $14,494.00 plus $200.00 in costs.

12. Debtor identified 25 entries of block billing in Claimant's attorney's original statement of fees ("Original Fee Statement").

13. Debtor identified 3 excessive billing entries the Original Fee Statement that would result in a credit to the Debtor for $291.00.

14. Debtor identified 6 billing entries in the Original Fee Statement that were unrelated to this case that would result in a credit of $900.00. These entries were deleted from the Amended Fee Statement.

15. Debtor identified 9 billing entries in the Original Fee Statement that were vague and non-specific that would result in a credit of $915.00.

16. Pursuant to Claimant's response to Debtor's objection to Amended Claim #11, Claimant now seeks the following amounts:

| | |
|---|---:|
| Principal and Interest | $ 53,932.69 |
| Costs | 200.00 |
| Attorneys fees | 14,494.00 |
| | $ 68,626.68 |

### CONCLUSIONS OF LAW

17. Claimant is entitled to reasonable attorneys' fees as a result of Debtor's default on the mortgage that created the underlying debt. Therefore, Illinois state law will determine the amount of attorneys' fees available to Claimant.

18. Pursuant to Illinois law, the determination of the reasonableness of a fee petition is a matter that lies within a trial court's sound discretion. *Cabrera v. First National Bank of Wheaton*, 324 Ill.Ap.3d 85, 104, 753 N.E.2d 1183, 1154 (2nd Dist., 2001). In determining the reasonable value of an attorney's services, a trial court should consider, among other factors, the services performed, the time expended thereon, the attorney's hourly rate, the usual and customary charges for like services, the skill and standing of the attorneys involved, the nature of the case, the novelty or complexity of the issues involved and the impact of the subject litigation on the legal community at large. *Mercado v. Calumet Federal Savings & Loan Association*, 196 Ill.App.3d 483, 493, 554 N.E.2d 305, 312 (1st Dist., 1990). A trial judge need not, however, rely

on the evidence presented or the opinions of the participant attorneys in assessing the propriety of a fee request. *International Insurance Co. v. Rollprint Packaging Products, Inc.*, 312 Ill.App.3d 998, 1010, 728 N.E.2d 680, 691 (1st Dist., 2000). Instead, a trial court judge can apply his or her own knowledge and experience as a practitioner in arriving at a reasonable value of an attorney's professional services. *See Anderson v. Anchor Organization for Health Maintenance*, 274 Ill.App.3d 1001, 1008, 654 N.E.2d 678, 682 (1st Dist., 1995).

19. Claimant has the burden of proof to present sufficient evidence of the reasonableness of the requested fees. *Mercado*, 196 Ill.App.3d at 493, 554 N.E.2d at 312.

20. A fee petition must consist of more than just a compilation of hours multiplied by a fixed hourly rate or the invoices issued to a client. *In re Marriage of Angiuli*, 134 Ill.App.3d 417, 423, 480 N.E.2d 513, 518 (2nd Dist., 1985). Such data, without more, does not provide a court with sufficient information as to the reasonableness of the fees charged. *Kaiser v. MEPC American Properties, Inc.*, 164, Ill.App.3d 978, 983-84, 518 N.E.2d 424, 427 (1st Dist., 1987). Further, the reasonableness of the fees charged is a matter that cannot be based on the opinions or conclusions of the attorney seeking fees alone. *Id.* The Illinois Court of Appeals for the Second District noted:

> While the opinions of witnesses as to the value of such services are receivable and are entitled to due weight the courts are also well qualified to form an independent judgment on such questions. It is the duty of the courts to see that due regard is given to the rights and interests of the parties to the suit and that their decrees do not represent merely extravagant opinions of the attorneys interested in the general subject as to what would be [a] just and proper [fee award] in a given case.

*Crane v. Village of Roselle*, 157 Ill.App. 595, 598 (2nd Dist., 1910).

4

21. The existence of a contractual provision obligating Debtor to pay Claimant's attorneys' fees does not relieve Claimant of his burden to establish the reasonableness of the amounts requested.

22. Claimant has not sustained his burden of proof regarding the reasonableness of the attorneys fees requested.

23. Generally, Claimant incurred fees in contesting each step of the Chapter 13 case. Claimant objected to confirmation of the Plan and forced an evidentiary hearing. Claimant's objection was denied except with respect to the interest rate offered by Debtor.

24. Claimant objected to Debtor's motion for leave to sell of real property. Claimant objected to the sale despite the fact that the sale would result in a substantial reduction in Claimant's claim. Debtor's motion was granted over Claimant's objection.

25. Debtor objections to Amended Claim #11 for failure to provide credits in the amount of $7,078.00 is granted.

### FIRST ALTERNATIVE CONCLUSIONS OF LAW
### CONTAINING A DENIAL OF ATTORNEYS' FEES

26. Due to the lack of results obtained by Claimant's attorneys, Debtor's objection to the attorneys' fees requested by Claimant is granted.

27. Amended Claim #11 is reduced and allowed in the amount of $54,132.69.

### SECOND ALTERNATIVE CONCLUSIONS OF LAW
### CONTAINING A REDUCTION IN ATTORNEYS' FEES

28. Claimant's attorney engaged in "block billing". Block billing aggregates two or more distinct tasks into a single time entry. Block billing leaves trial courts without an objective manner by which to determine the reasonableness of time expended on particular tasks. Specific task-based billing – as opposed to block billing – is a preferable billing method for justification

of attorney fee awards. *Kaiser*, 164 Ill.App.3d at 988, 518 N.E.2d at 430. *International Insurance Co.*, 312 Ill.App.3d at 1009-1012, 728 N.E.2d at 690-691. Block billing frequently results in a reduction of a requested attorney's fee at the federal level. *See e.g. Cristanho v. National Broadcasting Co., Inc.*, 117 F.R.D. 609 (N.D.Ill. 1987)(denying fees because of substantial block billing.)

29. The adjustments for block entries in the Amended Fee Statement were not made contemporaneously with the tasks performed. Claimant's counsel had to rely on his memory to itemize the block entries.

30. Debtor identified 25 entries of block billing in Claimant's attorney's statement of fees. Debtor is granted a reduction of $50.00 per block entry for a reduction of $1,250.00.

31. Debtor identified 3 excessive billing entries. Debtor is granted a reduction in the amount of $291.00.

32. Debtor identified 6 billing entries that were unrelated to this case that results in a credit of $900.00. These entries were deleted from the Amended Fee Statement and will not be awarded to Claimant.

33. A proper time entry should include a detailed work description. Billing descriptions must be specific enough to determine the nature, purpose and general substance of each task. Client, as the party seeking an award of fees in this case, bears the burden to demonstrate to this Court to support the reasonableness of both the hours worked and the hourly rate. Vague billing entries by Claimant's attorney make it impossible for the Court to determine whether the time entries relate to the claim. Of special concern is the fact that Claimant's attorney charged for work done on other matters. Without sufficient detail, the Court cannot

properly determine if these vague entries apply to the claim or another matter. Debtor identified 9 billing entries that were vague and non-specific that would result in a credit of $915.00.

34. In the Amended Fee Statement, Claimant's attorney attempted to repair the vague entries. Claimant's attorney had to rely on his memory of the services performed to repair the vague entries.

35. Debtor's objection to the attorneys' fees sought by Claimant is granted. The fees are reduced to $13,288.00 reflecting the following:

   a. Reduction of fees sought due to excessive billing in the amount of $291.00;

   b. Reduction in fees sought due to vague billing entries in the amount of $915.00.

36. The claim for $200.00 in costs is granted.

Respectfully submitted:

PHYLLIS OWEN,

By: /s/Robert R. Benjamin
Robert R. Benjamin
One of her attorneys

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000

Document #: 1148427

7